. The opinion of the Court was delivered by
O’Neall, C. J.
The first question made in the case proceeded upon a false assumption of error in law in the charge of the Judge. His report tells us, that “one of the pretences of unsoundness was an arm dislocated in infancy, and which was badly set, rendering the arm crooked, but which did not affect her in labor; she could hoe and chop with an axe, as well as women generally can. In the opinion of the witnesses it would effect her value on sale.” In relation to this matter the Judge stated his opinion to be, that this was not such unsoundness for which the plaintiff ought to have a verdict.
In Smith vs. Rice, 1 Bail. 648, the Court stated that the defect, to entitle the party alleging it to relief, must be some “permanent physical defect.” This, pointed out by the proof here, was no permanent physical defect; when reduced, the arm might be not as handsome as it was before, *102 but was strong and as useful as ever. The only matter of complaint was, that speculators thought she would not sell in foreign markets for as much as if her arm was straight.
The warranty was written, and it never could be held to embrace a defect palpable to the naked eye as this was.
The second question is, as to what sum will carry costs. It was instruction given in answer to the foreman’s question, and was the result of many years of practice, both at the bar and on the Bench, in conformity with our Acts. The rule I think has never been attempted to be laid down that three pounds, or thirteen dollars, will not carry costs. It is true decisions have been made (which I think erroneous) that the Court will nonsuit the plaintiff) or refuse to permit him to enter up judgment, when he recovers less than twenty dollars, under the notion that the plaintiff has his remedy before a magistrate.
Take this case as an illustration: how could the plaintiff maintain an action before a magistrate on a warranty of soundness involving one thousand dollars? The damages were uncertain. If it had been a case on a demand reduced by payments within the sum of twenty dollars, or never was more than that sum, then in such cases the party ought to have sued before a magistrate. Such were the cases of Seizhr and Davidson, and others following that case, in which it was held that where the plaintiff’s demand was reduced by payments below twenty dollars, or never was more than that sum, that he could not recover in the higher jurisdiction, and nonsuits were ordered ; and in those rulings I fully concur. But in Nance vs. Palmer, 2 Bail. 88, it was ruled, with my entire concurrence, that where the plaintiff’s demand was bona fide above twenty dollars, and was reduced by a defence below twenty dollars, that there he might still recover. The question of costs always depended on the sum recovered; according to the Acts of the Legislature, if three pounds or twelve dollars and eighty-four cents was recovered, he had his costs; *103 otherwise not, unless the plaintiff’s demand was reduced by discount; then if he recovered any sum he was entitled to costs. This last exception was stretched far beyond propriety in Mitchum vs. Richardson, 3 Strob. 254. I know that the Court, in cases subsequent to Nance vs. Palmer, decided, as I think against law, that a plaintiff in all cases, except where a discount reduced his demand, must recover twenty dollars, or he could not have a judgment. Those decisions I always resisted as palpable violations of a former decision, and of the Acts of the Legislature on the subject of costs. Those decisions I know never met the approbation of even members of the Court who acquiesced in them, and I rejoice in being able to restore the symmetry of the law by restoring Nance vs. Palmer to the authority which it once held.
. The motion is dismissed.
Johnstone and Wardlaw, J. J., concurred.

Motion dismissed.